People v Vivar
2026 NY Slip Op 02731
April 30, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Mauro Vivar, Defendant-Appellant.

Decided and Entered: April 30, 2026
Ind No. 272/19|Appeal No. 5972|Case No. 2022-03039|
Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ.

Twyla Carter, The Legal Aid Society, New York (Dalourny Nemorin of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (John Cheever of counsel), for respondent.

[*1]
Judgment, Supreme Court, Bronx County (Martin Marcus, J., at suppression motion; James McCarty, J., at plea and sentencing), rendered June 6, 2022, convicting defendant of attempted assault in the second degree, and sentencing him to three years of probation, unanimously reversed, the plea vacated, and the matter remitted for further proceedings on the indictment.
Under the "totality of the circumstances," defendant's waiver of the right to appeal was invalid (People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]). The court did not explain the nature of appellate rights to defendant, or that a waiver of these rights was separate and distinct from the rights automatically forfeited by a guilty plea (People v Bradshaw, 18 NY3d 257, 264 [2011]). The court also relied solely on defense counsel to explain the written waiver (see People v Eason, 228 AD3d 443, 444 [1st Dept 2024], lv denied 42 NY3d 926 [2024] [defense counsel's confirmation that he reviewed the written waiver with the defendant "was not a substitute for the court conducting its own inquiry"]; see also People v Trulove, 238 AD3d 55, 61 [1st Dept 2025]). Indeed, the People elected not to defend the waiver of the right to appeal in this case.
The court should have granted defendant's motion to suppress his statements to the arresting offer, as they were made during a custodial interrogation regarding the underlying incident which happened four months earlier, in response to questions that the officer should have known were reasonably likely to elicit an incriminating response (see e.g. People v Robinson, -- NY3d --, --,2025 NY Slip Op 05871, *3 [2025]). The People noted that the motion court's reliance on People v Huffman (41 NY2d 29 [1976]) was "questionable" and essentially conceded that the decision was error.
[*2]
The court's failure to grant defendant's motion to suppress was not harmless error. Where, as here, "the error is of constitutional dimension," courts make two inquiries to determine whether the error is harmless (People v Robles, 42 NY3d 694, 696 [2024]). First, courts look to whether the remaining proof constitutes "overwhelming proof of defendant's guilt" (id. at 696-697 [internal quotation marks omitted]). "Even when there are facts in the record that make possible that part of the analysis, a court must still determine that there is no reasonable possibility that the error contributed to the defendant's decision to plead guilty for harmless error to apply (id. at 697). This is not "one of the rare situations where the record leave[s] no question regarding [the defendant's] independent motivation to plead guilty" (id. [internal quotation marks omitted]). The statements defendant sought to suppress could be construed as internally contradictory as to whether he knew or had previously interacted with the complainant. At a minimum, as the People concede, defendant's statements could be used to indicate consciousness of guilt or to impeach defendant's credibility, had he testified at trial. The fact that defendant sought to suppress them indicates that he considered them to be significant. Accordingly, there is a reasonable possibility that the court's failure to grant defendant's suppression motion contributed to defendant's decision to plead guilty, and "we cannot say with certainty that the erroneous ruling played no part in that decision" (id. at 695).
Although defendant has already served his sentence, we reject his request to dismiss the indictment, given the seriousness of the crime charged (see id. at 698; People v Bush, 38 NY3d 66, 72 n 2 [2022] ["This Court has never dismissed a felony indictment on the ground that further proceedings would serve no useful penological purposes" (internal quotation marks omitted)]; People v Peters, 157 AD3d 79, 85 [1st Dept 2017], lv denied 30 NY3d 1118 [2018] [declining to dismiss indictment where the defendant was convicted of a "serious offense"]). Accordingly, defendant's guilty plea is vacated and the case is remitted to Supreme Court for further proceedings on the indictment.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2026